**In the Matter of Paul FUSA.**

**No. C7–84–1266.**

Court of Appeals of Minnesota.

Oct. 2, 1984.

Gerald M. Chester, Minneapolis, for Fusa.

Thomas Johnson, Henn County Atty., John R. Owen, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Fusa appeals from a June 20, 1984, order for commitment to Anoka State Hospital. We affirm.

### FACTS

Fusa has been living at Pursuit House, a residential facility for mentally ill adults, since September 1983. Fusa has refused to take prescribed psychotropic medications since January 1984. In early February 1984, Fusa's behavior became more hostile, and he began neglecting his personal hygiene. On June 7, 1984, Fusa struck Alexander Weisz, a mental health worker at Pursuit House, when Weisz greeted Fusa.

The police were called to transport Fusa to Golden Valley Health Center. Fusa resisted the police, became verbally abusive, and was handcuffed and restrained. Upon admission, Fusa was hostile and was again restrained. The examining physician observed feces caked in Fusa's clothing and hair, and noted that Fusa's body odor was "extremely foul."

Fusa testified at the commitment hearing that he had been associated with an F.B.I. agent for 10 years, and that the agent acted as a courier for documents showing Fusa's support for Richard Nixon. Fusa claimed Weisz telephoned John Lennon, Yoko Ono, Buckingham Palace, and the President of France regarding Fusa around 1975. Fusa admitted hitting Weisz, but claimed it was a greeting.

The court-appointed examiner diagnosed Fusa as paranoid schizophrenic, and recommended commitment at Anoka State Hospital to permit stabilization on medication. The trial court found Fusa suffered from a schizophrenic reaction, paranoid type, and ordered commitment to Anoka State Hospital.

## ISSUE

Whether the trial court properly found Fusa mentally ill.

## ANALYSIS

█ If a trial court finds, by clear and convincing evidence, that the proposed patient has a substantial psychiatric disorder, that he poses a substantial likelihood of physical harm to himself or others, and that no less restrictive alternative to judicial commitment is suitable, it may order commitment. Minn.Stat. § 253B.02, subd. 13 (Supp.1983) and § 253B.09, subd. 1 (1982). Although appellant does not dispute the appropriateness of Anoka State Hospital, he argues there is insufficient evidence to support the trial court's finding of mental illness.

█ Our review is limited to an examination of the trial court's compliance with the statute, which requires specific findings of fact, separate conclusions of law, and a listing of less restrictive alternatives considered and rejected. Minn.Stat. § 253B.09, subd. 2 (1982). Specifically, the commitment must be "justified by findings based upon evidence at the hearing." Minn.R.Civ. Commitment 11.01. These factual findings "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Minn.R.Civ.P. 52.01.

The court's finding that appellant suffered from a substantial psychiatric disorder manifested by grossly disturbed behavior is supported by the examiner's diagnosis, the testimony of Pursuit House staff member David Vaughan regarding appellant's increasing hostility, violent outbursts, and apparent hallucinations, and evidence of appellant's assaults upon Weisz and his assaultive behavior upon admission to Golden Valley.

█ A likelihood of harm to the proposed patient or others may be shown by a recent attempt or threat of physical harm, or by a failure to provide needed food, clothing, shelter, or medical care. Minn.Stat. § 253B.02, subd. 13 (Supp.1983). The trial court found that appellant posed a substantial likelihood of harm based upon the assault which had already occurred, appellant's refusal to take prescribed medications, and his failure to maintain his personal hygiene.

## DECISION

█ The trial court's finding that Fusa was shown to be mentally ill is not clearly erroneous, and Fusa was properly committed to Anoka State Hospital.

Affirmed.