**In the Matter of the Alleged Mental Illness of Linda T. PEDERSON.**

No. C1-84-2039.

Court of Appeals of Minnesota.

March 5, 1985.

John Myron Lund, Minneapolis, for appellant.

Thomas L. Johnson, Hennepin County Atty., Douglas J. McClellan, Asst. Hennepin Co. Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Pederson appeals from an October 4, 1984 order for commitment which was reviewed and confirmed on November 1, 1984. We affirm.

## FACTS

Appellant is a 36-year-old woman who has received treatment for mental illness since at least 1968. She was admitted to St. Mary's Hospital on August 4, 1984 for an overdose of psychotropic medications. Joyce Kroll, a psychiatric registered nurse at St. Mary's, testified that she talked with appellant the afternoon of August 16. Appellant appeared distraught, was crying, expressed fear and concern that she would never be able to care for her child, who was then in foster care, and complained that her brain was "burning." Later, appellant told Kroll she wanted to burn herself, go to sleep and never wake up. Fifteen minutes after that conversation, appellant's room was discovered to be on fire. Appellant immediately admitted setting the fire, which forced the evacuation of other patients and resulted in damages to the hospital of at least $16,653. One staff member was hospitalized overnight and one staff member suffered permanent respiratory damage. Appellant was then transferred to a locked unit.

The trial court heard testimony from Steven Zorn, a Hennepin County Child Protection Worker, who had worked with appellant regarding the welfare of her child since April 1983. He stated appellant was unable to take care of herself. Susan Anderson, appellant's social worker, testified appellant had come to her office 29 times in the prior seven months. She believed appellant's condition made placement in a residential community facility risky. She related delusional statements made by appellant and appellant's expressed need to be hospitalized because she felt unable to cope in the community.

Psychiatrist Robert Jeub was appointed by the court to examine appellant. He diagnosed her as schizophrenic and testified that she lacked the capacity to recognize reality, to reason or to understand. He believed her judgment and behavior were grossly disturbed, her perceptions were faulty, and she posed a danger to herself and others. Dr. Jeub recommended extended hospitalization and noted appellant's mental illness was still not in remission one and one-half months after the fire.

The trial court found appellant was mentally ill and that she posed a substantial likelihood of harm to herself or others and concluded she required treatment at Anoka State Hospital. Less restrictive alternatives were rejected because appellant had little insight into her problems and because her behavior was dangerous.

## ISSUE

Whether the trial court properly committed Pederson to Anoka State Hospital as mentally ill.

## ANALYSIS

■ If a trial court finds, by clear and convincing evidence, that a proposed patient has a substantial psychiatric disorder, that she poses a substantial likelihood of physical harm to herself or others, and that no less restrictive alternative to judicial commitment is available, the court may order commitment. Minn.Stat. § 253B.02, subd. 13 (Supp.1983) and § 253B.09, subd. 1 (1982). Appellant does not contest the trial court's finding that she suffers from schizophrenia. She contends the trial court made insufficient findings on whether she poses a danger to herself or others. She therefore contends the trial court erred in rejecting an alternative less restrictive than commitment to the state hospital.

■ On appeal, our review is limited to an examination of the trial court's compliance with the statute, which requires specific findings of fact, separate conclusions of law, and a listing of less restrictive alternatives considered and rejected. Minn.Stat. § 253B.09, subd. 2 (1982). The commitment must be justified by factual findings, which will not be set aside unless clearly erroneous. *In Re Fusa,* 355 N.W.2d 456 (Minn.Ct.App.1984).

■ 1. The trial court's finding that appellant posed a substantial likelihood of harm to herself and others as demonstrated by the fire setting episode is supported by the testimony at trial. Nurse Kroll testified the fire was substantial and involved most of the hospital room. Hospital section head, social worker Ted Lobby, told the court about the injuries suffered by two staff members and concluded appellant was not yet stable and continued to pose a danger to herself and others. Zorn believed appellant was unable to care for herself and the court appointed examiner testified appellant posed a danger to herself and others.

Appellant argues she set the fire as a result of an adverse reaction to medications she received as a participant in a medication study. Two-thirds of the study participants received a drug approved for investigational use only and one-third received a frequently prescribed psychotropic medication. Appellant introduced no evidence at trial that medications actually caused her behavior and the trial court ruled that testimony on the drug study was irrelevant to the issue of appellant's mental illness. Accordingly, the record does not support appellant's argument and the trial court properly found that appellant posed a danger to herself and others.

2. The trial court is required to "specifically state the proposed patient's conduct which is the basis for determining that each of the requisites for commitment is met." Minn.Stat. § 253B.09, subd. 2 (1982). Appellant argues the trial court had "no regard for the statutorily required findings of fact."

■ A review of the trial court's commitment order indicates the court specifically found appellant "poses a substantial likelihood of physical harm to herself and others as demonstrated by a recent incident in which she set fire to her hospital room at St. Mary's Hospital." On review, an incorporated memorandum cited appellant's "self-destructive conduct such as setting fire to her hospital room and her intentional overdosing and her destructive conduct such as verbalizing intentions to harm her child, and her belief that others intended her harm which could reasonably provoke her to defensive assault." The findings adequately describe the basis for the trial court's determination that Linda Pederson is mentally ill.

3. Finally, appellant argues the trial court ignored a feasible alternative less restrictive than commitment to the hospital. Jessie Kincheow, with whom appellant has lived for the past three or four years, testified he would be sure appellant took her prescribed medications if she was allowed to go home. However, Kincheow also testified he was considering moving out.

■ The trial court explicitly rejected alternatives "such as voluntary inpatient and outpatient treatment and a stayed commitment on condition that [appellant] submit

to voluntary inpatient treatment," because appellant "demonstrated that she has little or no insight and awareness, and that her behavior can be dangerous, all of which renders less restrictive alternatives inappropriate at this time." Both Lobby and Anderson expressed doubt about the advisability of community placement. Lobby noted that most residential treatment facilities require the proposed patient to show a period of incident-free behavior before placement. In the case of a drug overdose and fire setting, Lobby testified most placement facilities would require three to six months without a significant behavioral incident before appellant would even be considered for placement. Dr. Jueb specifically recommended extended hospitalization. He recognized there were many less restrictive alternatives available, but rejected them because appellant was not yet in a state of remission despite medications designed to stabilize her condition. The trial court's rejection of less restrictive alternatives is amply supported by the record.

## DECISION

The trial court properly committed Pederson to Anoka State Hospital as mentally ill.

Affirmed.