**In re Robert Edgar BURMEISTER.**

**No. C1–86–490.**

Court of Appeals of Minnesota.

Aug. 5, 1986.

R. Gehl Tucker, Manahan, Johnson and Tucker, Shakopee, for appellant.

R. Kathleen Morris, Scott County Atty., Shakopee, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

A petition for commitment of Robert Burmeister as a mentally ill person was continued for dismissal on January 15, 1986 when Burmeister agreed to in-patient treatment at Metropolitan Medical Center. On February 4, after Burmeister failed to cooperate with treatment efforts, trial was held on the petition. The trial court found appellant met the statutory definition of a mentally ill person and the requisites for commitment and ordered him committed to the Willmar Regional Treatment Center. This appeal followed. We affirm.

## FACTS

Burmeister is a 34 year old male with a history of hospitalization for drug treatment and mental illness. He moved to his mother's home in September or October 1985, after losing his apartment because his mother would no longer pay the rent. Maxine Burmeister testified her son's behavior became more strange in December 1985. For example, when Maxine Burmeister was slicing meat, appellant claimed she was cutting him with a knife. When she was warming food in the microwave oven, appellant claimed she was sending microwaves through his body, causing him to have cancer. Appellant telephoned 911 to summon emergency personnel in response to these beliefs.

On Christmas Day 1985, appellant stuffed the family fireplace with a large amount of paper, lighting a fire which caused scorching of the front of the fireplace and filled the room with smoke. Sometime after family members got the fire under control and cleared the room of smoke, they discovered appellant closed the damper while the fire continued to burn. Appellant's mother told the court she was not willing to allow appellant to again live with her.

Appellant testified he would get an apartment and a job if released. He admitted starting the fire, but refused to explain his reasons for calling 911, saying he did "not wish to give out names or anything like that at this time." Appellant told the court he was not mentally ill and did not require treatment.

The court-appointed examiner, licensed consulting psychologist James Jacobson, examined Burmeister on two occasions. Jacobson diagnosed appellant as mentally ill, suffering from paranoid schizophrenia. Jacobson described Burmeister's strong delusional system, including claims that he was affiliated with the Apollo space project and would soon write a book or even a whole "20 foot library."

Burmeister told Jacobson he believed medications made him appear to be mentally ill. Although appellant denied any suicidal or violent intentions, Jacobson testified appellant was potentially dangerous to others, as shown by the fire setting incident, and that Burmeister is unable to care for his own needs. In light of appellant's lack of cooperation with treatment at Metropolitan Medical Center and lack of insight into his need for treatment and medications, Jacobson recommended commitment to the state hospital.

By findings and conclusions filed the day of the trial, the trial court found Burmeister suffers from a substantial psychiatric disorder, that he threatened the safety of his family by starting a fire, that he believes family members are threatening him, and that he is unable to provide for himself. The court cited appellant's delusions that his mother was cutting him, disturbing his brain, and sending microwaves through his body. The trial court ordered appellant committed to Willmar Regional Treatment Center as a mentally ill person.

On appeal, appellant argues the evidence is insufficient to support the trial court's decision.

## ISSUE

Did the trial court properly conclude Burmeister is a mentally ill person as defined by Minn.Stat. § 253B.02, subd. 13 (1984)?

## ANALYSIS

If the trial court finds, by clear and convincing evidence, the proposed patient is mentally ill as defined by statute, and there is no suitable alternative to judicial commitment, the proposed patient must be committed to the least restrictive treatment facility which can meet his needs. Minn. Stat. § 253B.09, subd. 1 (1984). Alternatives to judicial commitment had already been attempted in this case, without success, and appellant does not contest the appropriateness of placement at Willmar Regional Treatment Center.

A "mentally ill person" has a substantial psychiatric disorder which impairs his judgment, behavior, capacity to recognize reality, or capacity to reason or understand. The disorder must be manifested by grossly disturbed behavior or faulty perceptions. To be mentally ill as defined by statute, the person must also pose a substantial likelihood of physical harm to himself or others as shown by a recent attempt or threat of harm or a failure to provide the necessities of life for himself as a result of the disorder. Minn.Stat. § 253B.02, subd. 13 (1984).

Appellant focuses on the statutory requirement of showing a proposed patient is likely to harm himself or others. As a factual finding, the trial court's determination that appellant is dangerous to the safety of others, as shown by his recent fire setting behavior, will not be reversed unless clearly erroneous. Minn.R.Civ.P. 52.-01. Burmeister admitted setting a fire which caused smoke and charred the bricks outside the fireplace. Maxine Burmeister testified the family got the fire under control, cleared the room of smoke, and soon thereafter discovered appellant closed the damper while the fire was still burning. The trial court's finding this behavior constituted an attempt or threat of physical harm and that appellant posed a substantial likelihood of future harm to others is not clearly erroneous. We need not examine the sufficiency of the evidence to support the trial court's finding that Burmeister is unable to care for himself, since the statute requires only that an individual pose a threat of harm to others *or* himself. *See* Minn.Stat. § 253B.02, subd. 13.

## DECISION

The trial court's finding that Burmeister poses a substantial likelihood of physical harm to himself or others is not clearly erroneous and appellant was properly committed as a mentally ill person.

Affirmed.