**In the Matter of Esther DUVICK.**

**No. C1–92–2104.**

Court of Appeals of Minnesota.

March 9, 1993.

Gregory R. Solum, Edina, for appellant Duvick.

Michael O. Freeman, Hennepin County Atty., John R. Owen, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by NORTON, P.J. and KALITOWSKI and MULALLY,* JJ.

## OPINION

EDWARD D. MULALLY, Judge.

Appellant was committed as mentally ill to a nursing home. She appeals, and we reverse.

## FACTS

Appellant Esther Duvick is a 90–year–old woman who had been living in her own apartment. After she was hospitalized for a heart condition, the hospital filed a petition for her commitment as mentally ill.

Appellant's treating physician diagnosed her as having mild dementia. The court's second appointed examiner, Dr. Daniel Wiener, made the same diagnosis. The court's first appointed examiner, Dr. William Fritsche, testified that he diagnosed appellant as suffering from dementia with impaired memory or senile dementia, not otherwise specified, an organic disorder of the brain. Appellant disagrees with these diagnoses. A psychologist and another physician indicated the organic changes were due to normal aging factors.

Testimony was also presented as to appellant's ability to provide for necessities. The trial court found appellant has had difficult relationships with landlords, with six different residences since 1989. She has fallen behind in her utility bills occasionally, and needs assistance with finances, housekeeping, and grocery shopping. While she has had part-time assistance with housekeeping, she refused more extensive assistance. Her son and son-in-law helped her in the past, but have become increasingly reluctant to do so.

The trial court committed appellant as mentally ill to a nursing home. Esther Duvick appeals, and we reverse.

## ISSUE

Did the trial court properly commit appellant as mentally ill?

## ANALYSIS

A trial court must find a person mentally ill by clear and convincing evidence. Minn.Stat. § 253B.09, subd. 1 (1990). Upon review, this court is limited to an examination of whether the trial court complied with the requirements of the statute. *In re Fusa,* 355 N.W.2d 456,

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

457 (Minn.App.1984). The findings will not be set aside unless clearly erroneous. *Id.*

■ A mentally ill person is one who has an organic disorder of the brain or a substantial psychiatric disorder. Minn.Stat. § 253B.02, subd. 13 (1990). The trial court found appellant suffers from senile dementia, which is an organic disorder. Appellant contends that while some evidence of this disorder was presented to the court, it was not clear and convincing. Our review of the record shows the trial court was presented with clear and convincing evidence that appellant suffered from dementia. Its determination is not clearly erroneous.

The organic disorder of the brain must grossly impair judgment, behavior, capacity to recognize reality, or to reason or understand, which is "manifested by instances of grossly disturbed behavior or faulty perceptions." Minn.Stat. § 253B.02, subd. 13(a). The trial court determined that appellant's senile dementia with impaired memory mildly impaired her judgment and behavior. It found that while the dementia was only marginally severe enough to form the basis for commitment as mentally ill, the disorder, coupled with her age, made commitment appropriate.

■ Appellant asserts that her behavioral deficiencies do not rise to the level of grossly disturbed behavior or faulty perception required by Minn.Stat. § 253B.02, subd. 13(a). She argues the findings are insufficient as a matter of law. We agree. The trial court findings that appellant's disorder mildly impaired her judgment and behavior do not meet the statutory requirements for commitment of grossly impaired judgment and grossly disturbed behavior. Minn.Stat. § 253B.02, subd. 13(a). Further, the facts in this case support the determination that the impairment only mildly affects appellant's judgment and behavior. *Cf. In re Salkin,* 430 N.W.2d 13, 16 (Minn.App.1988) (where mental disorder grossly impaired behavior and ability to recognize reality, commitment was appropriate), *pet. for rev. denied* (Minn. Nov. 23, 1988).

■ The disorder must also pose a substantial likelihood of physical harm to appellant or others. Minn.Stat. § 253B.02, subd. 13(b). Failure to provide necessary food, clothing and shelter can provide such a showing of a substantial likelihood of harm to self. *See In re Harvego,* 389 N.W.2d 266, 268 (Minn.App.1986) (appellant not employed, had no income and no place to live); *cf. In re Nadeau,* 375 N.W.2d 85, 87 (Minn.App.1985) (though suffering from substantial psychiatric disorder, insufficient evidence to support finding of substantial likelihood of harm, where appellant was appropriately dressed, not malnourished, and had previously obtained shelter).

■ The trial court determined that appellant needed supervision, structure, and help managing her affairs. It found she needs assistance in finances, housekeeping and grocery shopping, but refused most help available. However, these findings do not show that at the time of the hearing appellant posed a substantial likelihood of physical harm to herself by failure to provide necessities. *See Nadeau,* 375 N.W.2d at 87. Instead, appellant has been able to provide herself with food, clothing, shelter and medical care.

In light of our decision, it is not necessary to reach the issue of whether appellant was committed to the least restrictive alternative.

## DECISION

The trial court's commitment of appellant as mentally ill is reversed.

Reversed.